UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

TIMOTHY ERIK SCHULTZ

Chapter 11, Subchapter V
Case No. 21-42426-mlo
Hon. Maria L. Oxholm

Debtor.
_____/

## STIPULATED ORDER CONFIRMING
## DEBTOR'S THIRD AMENDED PLAN

The Debtor, Timothy Erik Schultz, filed his Third Amended Subchapter V Plan (the "Plan") with the court on October 22, 2021 (Docket #139). Copies of the Plan and a ballot were served on all creditors, equity security holders and other interested parties on November 3, 2021. The hearing on confirmation was held on December 9, 2021. All filed and unfiled objections have been resolved and those creditors voting on the plan have accepted the Plan as amended by this Order.

WHEREFORE, THE COURT FINDS AND CONCLUDES AS FOLLOWS:

1. All requirements for confirmation of the Plan under 11 U.S.C. 1191(a) and 1129 have been satisfied.

2. All taxing authorities including the Internal Revenue Service and Michigan Treasury are exempt from any restrictions on the right to set off as set out in the Debtor's plan of reorganization.

3. Upon the failure of the debtor to make any payment due on a priority tax claim which is not cured within 30 days of the mailing of a written notice of default by the creditor, such creditor may exercise all rights and remedies available under non-bankruptcy law for the collection of its entire claim or seek appropriate relief from this Court.

4. Notwithstanding any other language in the Plan, the Priority Tax Claim of the Internal Revenue Service, as currently filed or as later amended, shall be paid in full with statutory interest (currently at 3%), in equal monthly payments due on the 15th of each month, beginning on the Effective Date and continuing over a period not to exceed 60 months from the date of the petition.

5. The Debtor will make quarterly, not monthly, payments due on or before the last day of the month of February, May, August and November on the Class 10 claim of the Secretary of Labor.

6. The liens and claims of the Wayne County Treasurer for tax year 2020 for the real property located at 22053 Kensington, Taylor, Michigan shall be paid in full with statutory interest within 30 days after the Effective Date and the Wayne County Treasurer shall retain its lien until paid in full.

7. In the event this case is converted to a Chapter 7, all property of the Debtor and reorganized debtor will revest in the estate.

8. The Debtor will remain responsible for filing timely Monthly Operating Reports until this case is confirmed, dismissed or converted to Chapter 7.

9. For purposes of clarity, the Debtor and the Secretary of Labor are settling the lawsuit referenced on page 2 of the Plan through the entry of a Consent Judgment that has been signed by Debtor and will be filed in *Secretary of Labor v. ProCorp, LLC,* et al., (E.D. Mich. Case No. 20-cv-11447-SFC-EAS) ("Consent Judgment") upon the earlier of bankruptcy court approval of the Debtor's compromise motion or upon entry of this order confirming plan.

10. The Debtor's failure to comply with the terms of the Consent Judgment, including but not limited to the Debtor's failure to classify all workers he employs as drivers as "employees" as defined at section 3(e) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et seq.*, shall constitute a default of the terms of this Plan.

11. The non-priority portion of the Secretary of Labor's Claim 14-2 shall be treated as a Class 9 allowed general unsecured claim.

12. This Court shall retain jurisdiction to the full extent and duration provided for by the current Bankruptcy Code.

13. Upon failure of the debtor to make any payment due on any administrative, secured, priority, or general unsecured claim of the Service, or to file any return which comes due after the Confirmation Date, which failure is not cured within 30

days of the mailing of a written notice of default by the Service, the Service may exercise all rights and remedies applicable under non-bankruptcy law for the collection of its entire claim and/or seek appropriate relief from this Court. In the event of conversion of this case to a Chapter 7 proceeding, all property of the debtor; debtor-in-possession; or reorganized debtor, which will revest upon confirmation of the Plan of Reorganization and all of debtors' after acquired property shall be property of the Chapter 7 Estate.

14. In addition to amounts to be disbursed to the Class 9 general unsecured creditors in year 4 and year 5 of the Debtor's Third Amended Plan, the Debtor shall remit a minimum of $5,000 annually pro rata to Class 9 general unsecured creditors in quarterly installments of $1,250 in year 1, 2 and 3 of the Plan with the first quarterly installment to be paid on or before January 31, 2022 due on the last day of each month following the calendar quarter or the last day of January, April, July, and October of Plan years 1, 2 and 3.

15. Should the Debtor's annual net income exceed the Debtor's projected net income set out in Exhibit B of the Debtor's Third Amended Plan for each calendar year, the Debtor shall make an additional pro rata distribution to Class 9 general unsecured creditors equal to half of all net income that exceeds $10,000 over the projected net income. Such payments shall be due within 30 days of the filing date of Debtor's timely filed tax returns or any extension deadline. In order to measure

the Debtor's annual net income, the Debtor shall transmit a redacted copy of tax returns together with a pro rata payment for any additional amounts due under this paragraph to all Class 9 general unsecured creditors holding unsecured claims in excess of $100,000, all Class 9 general unsecured creditors whose claims total less than $100,000 shall receive a pro rata distribution as described in this agreement however the Debtor shall only transmit a copy of his tax return to those creditors whose claims do not exceed $100,000 if such creditors make a request for the same, all such requests can be transmitted by email to the Debtor's bankruptcy counsel Kimberly Ross Clayson at her email address of record in the Michigan Bar Journal in the year that such request has been made. In the event the Debtor files for any tax return extensions, the Debtor shall transmit proof of the extension to the same unsecured creditors who are to receive a copy of the redacted tax return and any other unsecured creditors who make a request for the tax return.

16. The Debtor's Third Amended Plan shall be amended as follows:

    a. Article 3, Subsection b shall include the following provision:

The duly filed claim of the IRS shall be paid according to the terms of this plan and, in the event the claim is contested, the payments shall be made into an escrow until a final adjudication of the claim is complete.

    b. Article 9, subsection b.3 is hereby amended and shall now state:

If no ballots are received or if an insufficient number of creditors vote in

favor of the plan the Debtor may confirm the plan as a nonconsensual plan and 30 days after the Effective Date of the Plan, the Debtor shall commence all disbursements due under the plan.

    c. Pursuant to Article 10, Subsection l & p, the creditors may rely on the Plan exhibits proffered by debtor.

    d. Article 10, Subsection s. last sentence shall be stricken and replaced with the following term: that notwithstanding any language within the plan or order confirming plan, the United States shall retain its right of setoff which shall not be modified or extinguished in any way.

**Signed on December 9, 2021**

/s/ Maria L. Oxholm
**Maria L. Oxholm**
**United States Bankruptcy Judge**